**No. 51448.**—Protest 96062–K of F. B. Vandegrift & Co. (New York).

Opinion by KEEFE, J.   It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 48539.   In accordance therewith and following the decisions cited, wherein the court stated, upon authority of Abstracts 40880. and 41794, that the string surrounding the Provolone cheese was deductible as tare as a part of the inedible coverings, it was held that the cheese in question is dutiable upon the basis of the net weight of the cheese as returned by the United States weigher, not including the weight of the strings, less 2½ percent for inedible coverings.   The protest was sustained to this extent.

**No. 51449.**—Protests 110869–K, etc., of Denebeim Distilling Co. (St. Louis).

Opinion by KEEFE, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importer.   The protests were sustained to this extent.

**No. 51450.**—Protests 112090–K, etc., of Loucraft Corp. (Minneapolis).

Opinion by KEEFE, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importer.   The protests were sustained to this extent.

**No. 51451.**—Protests 121969–K, etc., of Asche Bandor Corp. et al. (New York).

Opinion by KEEFE, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers.   The protests were sustained to this extent.